Thank you. Please be seated. Before we begin, Judge Miller, are you on the phone with us? Yes, I am. Good morning. Good. Good morning. We can hear you clearly, and I assume you can hear us since you answered my question. Yes. Thank you. We also have two cases submitted on the briefs at this time, Sheridan v. Lawal and Hernandez v. The County of Maricopa. And with that, we'll begin arguments with, if I'm mispronouncing this, I apologize, Rychlik v. Sodergren. Good morning, if it may please the Court. I'm Jay Bloom, and I represent the appellant, Daniel Rychlik, in this case. And this case is important because it will provide guidance to bankruptcy courts that have to determine if an award of attorney fees coming from a child custody case is a domestic support obligation and therefore not subject to discharge. The determination involves two competing policies, the goal of providing a fresh start to the bankrupt debtor and the overriding public policy favoring the enforcement of family support obligations. Counsel, let me just start by telling you what is puzzling to me about this case. And I speak only for myself, obviously. This case was decided on summary judgment. And it appears to me, looking at the state court's terse order, that it's unclear what the court was thinking about, whether it considered financial resources and the reasonableness of the parties' positions or only one of those two things. And if that is the case, why is summary judgment for anybody appropriate? Well, two parts to that. The first part about, I think is most important, is that the statutes themselves, in other words, when we have the determination of award of attorney fees pursuant to the statute, that requires actually consideration of both of the factors that you mentioned. The court must consider the financial resources of the parties and also the reasonableness of their positions. Yes, but it doesn't have to make a decision on both grounds. That's correct. But what we found and what the presumption established in the Ninth Circuit is that as long as there is a financial consideration, then we deem that award a domestic support obligation. But we don't know if financial consideration was a basis for the state court's determination. It had to consider it, but it doesn't have to deal with it. And I'm wondering whether there is a provision in the Arizona statute that says that if a party or another court requests it, the state court that entered the order must make findings making clear the grounds for the award. Why shouldn't that be the next step? Well, because what happens is, and by the way, the statute that we're talking about, primarily it's ARS 25-324A, does have a provision where you can, after the fact, request those specific findings. It does. But here, again, I think it's a matter of the issue is whether the financial consideration is part of the determination. And we know by the statute that it has to be. Well, counsel, so is it your position that if the court considered finances and reasonableness and actually decided that finances were irrelevant and it was going to decide only on reasonableness, could the court do that? Yes. Okay, so what is the effect if it did that? Well, here's what happens is that first if we start by determining that it's a custody case or a child support case, then we look at the statute. And that statute, because it requires those considerations, once we hit that, we then have established a presumption. But that presumption is rebuttable. And so it is then up to the debtor to then go back to the record and show that. And what we find, which makes sense in practice, is that if a court were going to award fees purely as a sanction, purely due to unreasonableness, you would find that in the record. If the record is silent, then we know that the court had to have established, looked at the financial circumstances. There are no findings about unreasonableness in this case at all. There are no findings. And so once we know that, as long as the financial circumstances were considered, then therefore it meets the test to know that the award should be deemed a domestic support obligation. Counsel, the burden is on your side, is it not? It is. What is it in the burden is established. It is the burden that we have, but we establish that burden based on the presumption in this court, which makes sense because we know that, and it only applies in cases involving child support or child custody, because the court then has to consider a child's best interest and must look at the financial circumstances of the parties. So that meets the burden. Once you establish both of those conditions, therefore you have met the burden, and then the burden shifts to the debtor to look at the record and establish, if they can, that it was purely for some other reason. Yet the challenge is to determine whether this is for support in some respect. And I'm not sure you answered my question. What is it in the entire record that shows this was for support, for the support of your client, who is a very wealthy individual, as I understand it, and has been a major contributor to the support of this child? Yes. The way we get there is really by the actions of the court. Since the court, in making the determination, the court must, the primary consideration is the best interest of the children. And so we know that this is for the benefit of children when we get these awards. So that because we have a statute that provides that the court must consider it, that once the award is made, and we have to presume the court knows the law and follows the law, and that's under the U.S. Supreme Court case of Ring v. Arizona. So once we see that the award is entered pursuant to that statute, we know there was a financial consideration, we know that the award was provided in the best interest of the children, and therefore we know that it's a domestic support obligation. So your entire case is really based on Bradshaw? Well, I think in the cases leading up to that, I think that summarizes, I think it begins, though, with Chang and the principles that we laid out, which, again, the policy being that, and this is kind of an exception, really, in bankruptcy law, that we have that competing policy of enforcing domestic support obligations, which overrides the other policy of giving a fresh start. Even though the subsection A has been amended since Catlow, which Bradshaw relied upon. Correct. And it was amended to add that other prong of the analysis about unreasonableness. Like you said, the protections that we have for courts in using this presumption is that any time a court is going to enter an award of fees based on unreasonableness, you will see findings for that. They're going to be there, and that gives the challenge to the presumption. And, Your Honor, I would look to reserve the remainder of my time for rebuttal. You may do that. Thank you. Good morning. May it please the Court. My name is Kyle Kinney. I represent the debtor in this matter, Gabrielle Sodergren. I think the Court pretty well has everything down here. The nuts and bolts of this case is an order for there to be a domestic support obligation. We have neither an analysis provided by the family court and not even a reference specifically to a statute. Then why shouldn't we require the bankruptcy court to demand findings from the state court so we know the actual facts? There are no facts. That's just ambiguity. I mean, you could read it both ways. The parties argued financial resources to the state court and talked about, for example, the difference between income and wealth as being part of resources. So that was an issue before the state court, and that may have been the entire reason for this award. We don't know. We can't tell. So why shouldn't we make the bankruptcy court get the facts? I think if we could cross over some state and federal issues there. But nonetheless, if the bankruptcy court directs the parties to go down and say, ask for clarification from the bankruptcy court, has counsel to go do that, I think that's a very viable, reasonable solution in a situation like this if the parties would like to figure out what it is that the family court was thinking. Well, it's not just the parties. Summary judgment is appropriate in any context, only if there are no genuine issues of material fact. And it seems to me that there is an issue that's genuine and material regarding the grounds for the state court's award of fees. And there is inferential evidence that possibly both prongs were at play, and we just don't, we can't tell. In this particular case, the way that the case unfolded is that Mr. Ricklick's counsel and myself determined that there was nothing else that was needed for the trial court, meaning there was a relevant... That doesn't mean that we have to agree. We have to know for review. I completely understand. I'm just kind of laying the context for the summary judgment. We didn't have witnesses that we could call. We had no way to get into the mind of the family court judge unless somebody was going to go in themselves, which is why I thought that submitting everything on the summary judgment papers was appropriate. But nobody thought to use this finding out what the court thought, what the basis of the award was? Considering that it was my, it was not my client's burden, I didn't see any need to go in and ask them to provide a reason to the other side. I was kind of surprised myself they didn't ask for clarification. But in this particular instance, no, I don't think that the burden was met because it has... The creditor in this instance is the one that has to provide some evidence to... Well, there is some evidence. There's evidence that the parties argued financial resources to the state court and that they did so with, you know, some explanations and reasons. So there is some evidence that that was on the state court's mind. There's a little bit that was included in the briefing, but... Well, a little bit is enough in summary judgment, isn't it? Depending on, just depending on how it shakes down. If there were, if there were an ability for the creditor's side in this instance to actually prove their case, I mean, if there was something else aside from what was submitted on the paper, some other evidence that could be presented at trial, then perhaps. But what we're sitting here with is we're not submitting it to a jury in a bankruptcy court. It's a judge that's just considering this paper, whether it goes to a trial or not to a trial. And the paper is ambiguous. The paper suggests that financial resources may have been a reason or even the only reason for the fees. Well, if financial resources was the touchstone for the state court, what is the result? If financial resources turned out to be the sole basis for the family court, then that would be half and half, then it would be half non-dischargeable, correct? I think you could argue either way. But yeah, I think if the family court went so far as to bifurcate the two and explain the two different natures of the award, then yeah, I believe that could be bifurcated. And you know, there is a section at the very end of ARS 25324 that even requires that the court shall make specific findings concerning the portions of any award of fees and expenses that are based on resources and that are based on the consideration of the reasonableness. Right. And it says that it can be requested by either a party or another court of competent jurisdiction. So you expressed some doubt about whether the bankruptcy court could make that request, but is it not a court of competent jurisdiction? To be honest, I hadn't even considered the possibility of the court directly asking, so I just didn't want to take a position I wasn't certain of. Counsel, let me ask a couple questions. But yeah, they could. I look at the family court filings as focusing on the reasonableness of Södergren's attempt to move the children. I don't see much in there about Mr. Ricklick's financial need. No, there really wasn't. And I believe that's what the District Court and Judge Holland was focused on. Couldn't that be enough? We can just sort of see what's in the record, given the high burden of showing non-dischargeability on the part of your opponent's side in this case, and the utter lack of anything that indicates support for the children. Would that be enough to overcome concerns about the summary judgment status? I believe so, absolutely. Why? Because in order for there to actually be a determination, there has to be a reason behind it. And if we look further back into this family court case, the real orders were that it was Dr. Ricklick ordered to pay Ms. Södergren support. So there really was nothing previously in the record upon which we could even reasonably speculate as to where it went. Except that the opposition to the fees starts out by saying the main thing you're supposed to look at is financial resources, and it starts on ER 53, it looks like, starting with paragraph 3, and it goes on at some length about the disparities of income and financial resources, and the reply responds to that in kind and talks about the financial resources. So that clearly was in front of the state court. I think it was before the court, in a sense. It wasn't the primary reason that Dr. Ricklick asked for the award, though. And that's I think the distinction is. And again, we're all really asked to speculate here as to what happened. Nobody can say with certainty. But the way I interpret this is Dr. Ricklick said, I want my ex-wife to be sanctioned because she tried to move the kids to Illinois, and that was unreasonable. And then Ms. Södergren's counsel, it wasn't that counsel in the family court, says, you know what? Don't sanction her. She's waving the white flag. She withdrew her motion. She has no money, so don't sanction her. And then Dr. Ricklick comes back and says, well, you should still do it anyways, and here's the financial reasons. So that's how I interpret it. Again, that's the whole problem with this case is that nobody can say with certainty. That's because nobody has yet asked the state court to explain itself. That's true. That's true. I do think there's enough in there where we can say that Dr. Ricklick met his burden, but you're correct. Unless the state court were to issue something to the contrary, there's no way that this debt could be declared dischargeable. There's just no specificity there to tell the bankruptcy court that it's a dischargeable debt. You heard counsel argue about the Bradshaw case, or at least the presumption. What's your response to the presumption argument? My response is that if there was a statute in his award, he's the one that penned the award for the state court to sign. The statute wasn't there. If the state court doesn't include the statute in the award, then there's no presumption in which to apply here. Except what is the other authority for the court to have awarded fees if it had no statute? That would be up to the family court again to answer. But the parties argued about 25324A. They quoted from it, and they talked about all the things that were in it. So isn't it obvious that that's the statutory ground for the award? I've won and lost motions for legal reasons that neither party has briefed before. So I'm not prepared to say that just because that is the statute that the party cited in their brief, that that absolutely means that that's the statute that the judge ruled upon or considered. There's still 12415. There's still 12349. Every court will have some sort of an inherent power. The court just could have miscited a statute, too. I mean, again, we're having to speculate as to what that court was thinking. What's most likely? Probably 12324. But I'm not prepared to say that, and I don't think anybody can with certainty because it's not there. Thank you, counsel. Thank you. Crucial to the determination, I think we have to recognize that when an award for attorney fees is entered pursuant to 324A or similar statutes, it's not a matter of we're doing it for either this reason or this reason, either financial or reasonableness. It's a balancing. And what's critical is that in order, as long as financial considerations is part of it, then it is deemed to be a domestic support obligation. Vagueness in the record works against the debtor because it requires, in order to rebut the presumption, the debtor must show that the award was purely for a sanction, purely for that. And the only way you reach that if you have a statute that says a judge has to consider both is by having specific findings that says, you know what, we looked at both, but the only reason we're doing this is because we're sanctioning this party. Absent those findings, and therefore we know that at least the financial considerations were made, and so under the presumption, it is a domestic support obligation. So this idea that there's vagueness in the record, well, in a sense, yes and no. Not really because the critical issue is whether or not the financial consideration was part of the analysis. And if there's nothing else in the record, that alone resolves the matter. If there's nothing in the record that says this was a sanction, then a debtor simply cannot rebut that presumption. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate the helpful arguments from both of you.
judges: O'scannlain, Graber, Miller